UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DARRYL J. STERLING** <br> **LA. DOC #306435** | **CIVIL ACTION NO. 2:11-cv-0449** |
| **VERSUS** | **SECTION P** |
| | **JUDGE TRIMBLE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

On March 17, 2011, *pro se* petitioner Darryl J. Sterling filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his January 1992 second degree murder conviction in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b)(3)(A).

#### *Background*

The Calcasieu Parish Grand Jury indicted petitioner on a charge of first degree murder. On January 10, 1992, he pled guilty to the lesser included offense of second degree murder and he was sentenced to life imprisonment. Doc. 1, p. 19. He did not appeal his conviction and

sentence and his subsequent attempts to obtain state post-conviction relief were unsuccessful. *Id.* at 19-20.

On July 26, 2004, petitioner filed a petition for writ of *habeas corpus* in this court attacking the January 1992 murder conviction. *Sterling v. Warden*, No. 2:04-cv-1556 (W.D. La.). On October 18, 2004, this court recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d)(1). On December 30, 2004, a judgment was issued dismissing the *habeas* petition with prejudice as time-barred. *Id.* Petitioner did not seek a Certificate of Appealability.

In this proceeding petitioner again attacks the 1992 murder conviction.

### *Law and Analysis*

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* action was, as shown above, dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d). Although petitioner's previous § 2254 petition was dismissed as time-barred, such a dismissal constituted an adjudication on the merits for purposes

of the gate-keeping rules on second or successive petitions. See *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam). The instant petition, which attacks the same conviction and sentence, is therefore second or successive.

It appears that petitioner is raising claims for relief that were not raised in his first *habeas corpus* petition. He implies that his new petition is based on newly discovered evidence. In order to raise a new claim under the AEDPA, the petitioner must show that the successive application is based on either: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence could not have been discovered previously through the exercise of due diligence and, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. See 28 U.S.C. § 2244(b)(2). However, before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. See 28 U.S.C. § 2244(b)(3)(A) and (B).

A review of the Fifth Circuit's case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the court of appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the

Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part,

> [w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 14th day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE